UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10951-RWZ

SMITH & NEPHEW, INC.

v.

INTERLACE MEDICAL, INC.

ORDER

July 28, 2010

ZOBEL, D.J.

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew"), brought this patent infringement action against defendant Interlace Medical, Inc. ("Interlace"), for infringement of U.S. Patent No. 7,226,459, styled the "Reciprocating Rotary Arthroscopic Surgical Instrument," a surgical instrument used for cutting and removing tissue, including fibroid and polyp resection.

Since filing this suit, plaintiff has distributed through its sales staff a letter to existing and prospective customers informing them that Interlace's product infringes Smith & Nephew's patents, and that Smith & Nephew has sued for infringement.  See Docket # 12, Declaration fo William Gruber in Support of Interlace's App. for a Temporary Restraining Order and Motion for Preliminary Injunction, ¶ 28 & Ex. A.

Interlace seeks a Temporary Restraining Order enjoining plaintiff from distributing the disparaging letters to Interlace's customers and potential customers (Docket # 9).  It denies infringement and contends plaintiff's conduct causes irreparable

damage to defendant, a start-up company.  Plaintiff asserts its First Amendment rights to disseminate truthful statements regarding both the fact of the litigation and its allegation of infringement.

After a hearing and consideration of the parties' briefs, I am not persuaded that defendant has, at this stage, met its burden of demonstrating a likelihood of prevailing on the merits of the infringement action.  Moreover, given the broad protections afforded by the First Amendment, I decline to issue an injunction restraining speech.

I note, however, that by insisting on its present course (making assertions beyond the mere fact of its having filed suit), plaintiff proceeds at its peril.  Should it fail to prevail on its claim of infringement, its conduct could give rise to substantial damages for any number of putative actions, including, e.g., tortious interference with business relations and/or defamation.

Defendant's Motion for a Temporary Restraining Order (Docket # 9) is DENIED.


   July 28, 2010                                          /s/Rya W. Zobel   
       DATE                                              RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE