UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC.<br>　　　Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERLACE MEDICAL, INC.<br>　　　Defendant/Counterclaim-Plaintiff. | CIVIL ACTION NO. 1:10-cv-10951 |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SMITH & NEPHEW, INC.'S
ANSWER TO COUNTERCLAIM OF
DEFENDANT/COUNTERCLAIM-PLAINTIFF INTERLACE MEDICAL, INC.**

Pursuant to Fed. R. Civ. P. Rules 8 and 12, Plaintiff/ Counterclaim-Defendant Smith & Nephew, Inc. ("Smith & Nephew"), by and through counsel, respectfully submits this Answer to the Counterclaim of Defendant/Counterclaim-Plaintiff Interlace Medical, Inc. ("Interlace") as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.　Smith & Nephew admits the allegations contained in Paragraph 1.

2.　Smith & Nephew admits the allegations contained in Paragraph 2.

3.　The allegations in Paragraph 3 contain conclusions of law to which no response is necessary. To the extent a response is necessary, Smith & Nephew admits that this Court has subject matter jurisdiction over this matter, but denies any remaining allegations.

4.　Smith & Nephew admits that this Court has personal jurisdiction over the parties to this litigation, but denies the remaining allegations.

5.　Smith & Nephew admits that venue is proper.

13102462.1

## COUNT ONE: DECLARATORY RELIEF REGARDING INFRINGEMENT

6.      Smith & Nephew hereby repeats and incorporates by reference its responses to Paragraphs 1 through 5, as if they had been fully set forth herein.

7.      Smith & Nephew admits that it is the sole holder of the entire right, title, and interest in the '459 Patent, and further admits that it has alleged that it is the sole holder of the entire right, title, and interest in the '459 Patent in this litigation.

8.      Smith & Nephew denies the allegations in Paragraph 8 regarding Interlace's non-infringement of the '459 Patent. Smith & Nephew admits that it has sued Interlace alleging patent infringement of one or more claims of the '459 patent, and as a result of Interlace's assertions of non-infringement, further admits an immediate, real, and justiciable controversy exists between Smith & Nephew and Interlace with respect to whether or not Interlace has directly and/or indirectly infringed any valid and/or enforceable claims of the '459 patent.

9.      The allegations in Paragraph 9 contain conclusions of law to which no response from Smith & Nephew is required. To the extent that any response to these allegations is required, Smith & Nephew denies the allegations contained in Paragraph 9.

## COUNT TWO: DECLARATORY RELIEF REGARDING INVALIDITY

10.     Smith & Nephew hereby repeats and incorporates by reference its responses to Paragraphs 1 through 9, as if they had been fully set forth herein.

11.     Smith & Nephew denies that one or more claims of the '459 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 112, and/or any other applicable statute. Smith & Nephew admits that it has sued Interlace alleging patent infringement of one or more claims of the '459 Patent, and as a result of Interlace's assertions regarding invalidity of the '459 Patent, further

admits an immediate, real, and justiciable controversy exists between Smith & Nephew and Interlace with respect to the validity of one or more claims of the '459 patent.

12. The allegations in Paragraph 12 contain conclusions of law to which no response from Smith & Nephew is required. To the extent that any response to these allegations is required, Smith & Nephew denies the allegations contained in Paragraph 12.

## COUNT THREE: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

13. Smith & Nephew hereby repeats and incorporates by reference its responses to Paragraphs 1 through 12, as if they had been fully set forth herein.

14. Smith & Nephew is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore can neither admit nor deny the same.

15. Smith & Nephew denies the allegations contained in Paragraph 15.

16. Smith & Nephew denies the allegations contained in Paragraph 16.

17. Smith & Nephew denies the allegations contained in Paragraph 17.

18. Smith & Nephew denies the allegations contained in Paragraph 18.

## COUNT FOUR: DEFAMATION

19. Smith & Nephew hereby repeats and incorporates by reference its responses to Paragraphs 1 through 18, as if they had been fully set forth herein.

20. Smith & Nephew denies the allegations contained in Paragraph 20.

21. Smith & Nephew denies the allegations contained in Paragraph 21.

22. Smith & Nephew denies the allegations contained in Paragraph 22.

## EXCEPTIONAL CASE

23. The allegations in Paragraph 23 contain conclusions of law to which no response from Smith & Nephew is required. To the extent that any response to these allegations is required, Smith & Nephew denies the allegations contained in Paragraph 23.

## DEMAND FOR JURY TRIAL

Smith & Nephew reaffirms that it is seeking a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Smith & Nephew alleges the following affirmative defenses with respect to each purported counterclaim for relief asserted in the Answer and Counterclaims of Interlace Medical, Inc.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Interlace has failed to state a single claim upon which relief may be grated.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Interlace is estopped from taking certain positions in the Answer and Counterclaims of Interlace Medical, Inc. and is further estopped from asserting the claims for relief alleged therein.

### THIRD AFFIRMATIVE DEFENSE
### (Truth of Statements)

At all times, Smith & Nephew has limited all statements and assertions to all individuals and parties to information that is, to the best of the Smith & Nephew's knowledge, true and accurate.

### FOURTH AFFIRMATIVE DEFENSE
### (State Law Claims Preempted)

Interlace's state law counterclaims are preempted by federal law.

## FIFTH AFFIRMATIVE DEFENSE

Smith & Nephew reserves the right to assert additional affirmative defenses learned of through the progression of discovery.

WHEREFORE, Smith & Nephew respectfully requests that this Court:

1. Enter judgment for Smith & Nephew as to all counts of Interlace's Counterclaim;

2. Award Smith & Nephew the attorney's fees, costs, and all other expenses incurred in defending and/or otherwise litigating Interlace's Counterclaim; and/or

3. Grant such other and further relief as this Court deems just and appropriate.

    Smith & Nephew, Inc.

    By its attorneys,

    /s/ Maia H. Harris
    Joseph J. Leghorn (BBO # 292440)
    Maia H. Harris (BBO #648208)
    NIXON PEABODY LLP
    100 Summer Street
    Boston, Massachusetts 02110
    (617) 345-1000
Dated: September 2, 2010    (617) 345-1300 (facsimile)

### Certificate of Service

I hereby certify that Plaintiff's Smith & Nephew, Inc.'s Answer to Defendant Interlace Medical, Inc.'s Answer and Counterclaims has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 2, 2010.

    /s/ Maia H. Harris
    Maia H. Harris

13102462.1

## CERTIFICATE OF SERVICE

    I certify that, on the above date, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered particpants.

                                            /s/ Maia H. Harris
                                            Maia H. Harris