UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10951-RWZ

SMITH & NEPHEW, INC.

v.

INTERLACE MEDICAL, INC.,
and
HOLOGIC, INC.


CIVIL ACTION NO. 11-12064-RWZ

SMITH & NEPHEW, INC.

v.

HOLOGIC, INC.

ORDER ON MOTIONS IN LIMINE

August 17, 2012

ZOBEL, D.J.

Both parties have flooded the court with motions in limine in preparation for the imminent trial of this patent case. As is often the case, counsels' desire for certainty is difficult to achieve as the motions raise issues not capable of resolution in the abstract.

**Plaintiff's Motions**

#1 - To exclude argument of evidence regarding the time period between the invention and the drafting of claims in the Emanuel '359 patent.

Because this evidence may be relevant to invalidity defenses of lack of written description and obviousness, as well as, wilfulness, the motion is denied.

#2 - There is no #2.

#3 - To exclude certain testimony of Dr. Henry A. Dominicis and other witnesses regarding alleged physician preference.

The relevance of this evidence is unclear and, accordingly, ruling on the motion is deferred to the trial.

#4 - To preclude evidence or statements that are based upon Hologic's undisclosed opinions of counsel.

Defendant agrees that it will not rely on advice of counsel and the motion to preclude undisclosed opinions of such is denied as moot.

To the extent the witness, Ms. McGuinness, may offer testimony on other subjects, ruling as to that evidence is deferred.

#5 - To exclude certain testimony of Mr. Barry regarding alleged acceptable non-infringing alternatives.

To the extent that Mr. Barry's testimony concerning non-infringing alternatives is offered to support defendant's damages calculations, it is not automatically improper. Whether specific statements are or are not admissible will depend on the statements and the context.

Accordingly, the motion is denied.

#6 - To exclude argument or evidence that is inconsistent with the court's claim construction.

Defendant agrees that it may not now relitigate the court's claim construction, and to that extent, the motion is allowed.

However, defendant proposes to offer certain testimony of the inventor, Emanuel, and other evidence in support of its claim of invalidity. Any objections to such evidence will have to be decided in context, and ruling thereon is deferred.

#7 - To exclude evidence or argument relevant only to Hologic's dismissed counterclaims.

The motion is allowed as to all evidence relevant only to the dismissed counterclaims. Again, however, I defer ruling on specific evidence offered for other purposes.

#8 - To exclude argument or evidence regarding patents applied for or obtained by Hologic.

The motion is denied with respect to the Churchill patent referenced by plaintiff's expert, Neville Hogan, and to the extent they bear on wilfulness. It is allowed in other respects.

#9 - To exclude certain testimony of Mr. Barry regarding licensing agreements and customs.

The motion is denied to the extent Mr. Barry relies on the testimony of William Gruber and comparable license agreements.

#10 - To exclude argument or evidence of contract negotiations between Dr. Emanuel and plaintiff regarding the technology covered by the invention.

I am not persuaded of the relevance of this evidence and will decide the

objections thereto in the context of the evidentiary record when offered.

#11(a) - To exclude argument or evidence during a bench trial regarding Hologic's legally erroneous inequitable conduct arguments.

The motion is denied as premature.

#11(b) - To exclude argument or evidence from the jury related to Hologic's counter-claim/affirmative defense of inequitable conduct.

The motion is allowed to the extent that inequitable conduct will not be tried to the jury. However, testimony relevant to invalidity - scope and content of the prior art, alleged objective indicia of non-obviousness and lack of written description - may be appropriate, but its admissibility must be decided in context.

#12 - To exclude argument or evidence of direct non-infringement of claims 5, 7, and 8 of the Emanuel '359 patent.

The motion is denied. Since the court denied plaintiff's motion for summary judgment on infringement, defendant is entitled to offer evidence of non-infringement.

#13 - To exclude argument or evidence regarding the Cesarini '495 patent reexamination.

The motion is allowed.

**Defendant's Motions**

#1 - To exclude arguments and evidence relating to alleged willful infringement.

The motion specifies three proposed proffers:

 a) the allegedly tortious conduct of Ron Adams, an employee of defendant;

4

> b) copying of plaintiff's commercial product by defendant's employees; and
>
> c) the failure of defendant to monitor the prosecution for the '359 patent and to take affirmative steps to avoid infringement before the patent issued.

Plaintiff's proposed evidence is too broad or not relevant to wilfulness. General unethical conduct is not wilfulness. Conduct before the patent issues is not wilfulness and copying plaintiff's product is not infringement unless that product reads on the patent claims.

The motion is allowed.

#2 - To preclude plaintiff from presenting theories of infringement not disclosed in its infringement contentions.

The motion is allowed. Plaintiff shall proceed only with the theories disclosed and allowed by the court.

#3 - To preclude argument or evidence i) inconsistent with court's claim construction ruling, or ii) seeking a special meaning or any claim term.

Every term construed by the court will have the court's meaning.

#4 - To preclude reference to the presumption of validity generally, to prior administrative determination of patentability for the '459 patent, or the Hologic's denied reexamination request for the '359 patent.

The motion is allowed.

The court will explain the burden of proof on invalidity. The reexamination results are not relevant evidence.

#5 - To exclude testimony and evidence of any objective indicia of non-obviousness.

Ruling on this motion is deferred because admissibility of the evidence is subject to proof of nexus between the evidence and the merits of the claimed invention and proof that any commercial success derived from the invention.

#6 - To preclude argument or evidence comparing the parties' products for purposes of establishing infringement.

The parties agree that the proper comparison is between defendant's product and plaintiffs' patents. To that extent the motion is allowed.

To the extent any comparison of the parties' products is relevant to damages, any decision on the motion is deferred.

#7 - To preclude argument or evidence that any statement regarding "equivalents" submitted to the FDA is evidence of patent infringement.

The motion is allowed. FDA proceedings and decisions are totally different from patent proceedings and decisions, and evidence concerning the FDA is far more prejudicial than probative.

#8 - To exclude argument or evidence concerning purchase price of Interlace and any litigation-related escrow.

Plaintiff has agreed not to introduce evidence of any escrow. The remainder of the motion addresses the admissibility of evidence best decided in context.

#9 - To preclude reference to Hologic's prior litigation and settlement with Conceptus, Inc.

Plaintiff agrees not to offer such evidence at this time, and the motion is allowed without opposition.

To the extent plaintiff's damage calculation relies on Adiana, a subject of the prior litigation, it may offer evidence that Adiana was in the market place at the relevant time, together with related pricing information.

#10 - To limit the number of claims plaintiff may assert.

The motion is denied as moot.

#11 - To exclude expert testimony of Richard Apley and cross-motion by plaintiff to exclude expert testimony of Dr. Henry Walbrink.

Defendant's motion is allowed as nothing in the record suggests that Mr. Apley has the requisite expertise in the relevant art to testify to the written description requirement and thus establish the priority date.

The cross-motion is denied as there is no suggestion that Dr. Walbrink lacks the necessary skill in the art.

#12 - To exclude expert testimony of Richard B. Troxel.

The motion is denied as defendant's objections are properly to the weight of the proposed evidence, not its admissibility.

#13 - To preclude plaintiff's experts from offering an opinion on the ultimate issue of induced or contributory infringement or Hologic's state of mind.

The motion is denied given plaintiff's assurance that the witnesses will provide only factual testimony from which the jury may or may not infer defendant's state of mind.

#14 - To preclude testimony from Dr. Mark Emanuel on the scope of his purported invention, claim construction, on the issue of infringement, or on issues reserved for experts.

The motion is allowed with respect to any testimony construing claims or any expert testimony. Other objections to his testimony are reserved to the trial to be decided in context.

#15 - To preclude plaintiff from offering a defense to the charge of inequitable conduct and from relying upon the attorney-client privilege as a sword and shield.

The motion is allowed as it is premature.

#16 - To preclude argument or evidence of an adverse inference based upon defendant's invocation of the attorney-client privilege with respect to the Emanuel '359 patent.

The motion is allowed insofar as it seeks to bar any adverse inference from defendant's invocation of the attorney-client privilege.

Plaintiff may, however, ask the jury to consider the lack of such opinion as one indicator of wilful blindness with respect to the claim of indirect infringement.

|  August 17, 2012  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |